

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 18, 1965

Honorable Richard E. Rudeloff
County Attorney
Bee County Courthouse.
Beeville, Texas

Opinion No. C.-376

Re: Whether the Commissioners
Court of Bee County may
specify the manufacturer
or brand name of certain
road machinery costing in
excess of $2000, requiring
competitive bids under Arti-
cle 2368a, V.C.S.

Dear Mr. Rudeloff:

You have requested the opinion of this office as to
whether the Commissioners Court of Bee County may specify
a certain manufacturer or brand name in drawing the speci-
fications for machinery costing in excess of $2000 to be used
in the construction and/or maintenance of roads and streets,
and thus requiring competitive bidding under Article 2368a,
Vernon's Civil Statutes.

Article 2368a reads in part as follows:

"Sec. 2. No county, acting through its
Commissioners Court, and no city in this State
shall hereafter make any contract calling for
or requiring the expenditure or payment of Two
Thousand ($2,000.00) Dollars or more out of any
fund or funds of any city or county or subdivi-
sion of any county creating or imposing an obli-
gation or liability of any nature or character
upon such county or any subdivision of such
county, or upon such city, without first submit-
ting such proposed contract to competitive bids.
. . ."

"Sec. 2b. Contracts for the purchase of
machinery for the construction and/or mainten-
ance of roads and/or streets, may be made by
the governing bodies of all counties and cities

-1786-

within the State in accordance with the pro-
visions of this Section. The order for pur-
chase and notice for bids shall provide full
specification of the machinery desired and
contracts for the purchase thereof shall be
let to the lowest and best bidder."

You furnished the following facts in connection with your
request for an opinion: The Commissioners Court of Bee County
is in need of a new piece of machinery for the construction and/on
maintenance of roads and streets, specifically, a "pay-loader" or
loading machine mounted on four wheels and capable of locomotion.
All such machinery, regardless of brand name, sells for amounts in
excess of $2,000. The Commissioners Court wishes to submit the
purchase of such machinery to competitive bids limited to a speci-
fic manufacturer or brand. The reason for wishing to limit bidding
in such manner is based on the Court's familiarity with the brand
in question, the reliability of the machine sold under such brand
name, and the familiarity with it of the county employees who are
to operate such machinery.

This office has previously issued an Attorney General's
opinion dealing with this question, No. WW-579 (1959). This opin
ion, under generally similar facts, reached the conclusion that
the Commissioners Court was within its authority in specifying a
certain manufacturer or brand name under circumstances where com-
petitive bidding was required. We have concluded that Attorney
General's Opinion WW-579 is in substantial error and should be
overruled, insofar as it conflicts with this opinion.

At the time WW-579 was issued, the case law on the question
of specifying manufacturers or brand names was not clear. The
Texas Commission of Appeals in Vilbig Bros. v. City of Dallas, 12
Tex. 563, 91 S.W.2d 336 (1936), had held in favor of a very liberal
interpretation of the statute, following the so-called "Michigan
Rule." On rehearing of Vilbig, the Supreme Court issued a much
narrower opinion, virtually limited to the particular facts of th
case at issue. 127 Tex. 563, 96 S.W.2d 229 (1936). The Vilbig
case was the only case law on the subject of brand name bidding at
the time WW-579 was written, and an examination of the final de-
cision by the Supreme Court in that case reveals no support for
the "Michigan Rule."

There are two primary cases which establish the law on
competitive bidding in Texas. Sterrett v. Bell, 240 S.W.2d 516
(Tex.Civ.App., 1951), at page 520, contains the following state-
ment regarding competitive bidding:

"Its purpose is to stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price, for the best interests and benefit of the taxpayers and property owners. There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or restrict competition, favor a contractor or materialman, or increase the cost of the work or of the material or other item going into the project." (Emphasis supplied).

The latest expression on the subject is found in Texas Highway Commission v. Texas Association of Steel Importers, Inc., 372 S.W.2d 525 (Tex.Sup.Ct., 1963), wherein the Texas Highway Commission, by Minute Order, attempted to bar the use of foreign steel in the construction of State highways. The Supreme Court here held that such an order violated Article 6674h, Vernon's Civil Statutes, which is the statute setting forth the requirements for competitive bidding for the Highway Department. Article 6674h, V.C.S., is substantially the same as Article 2368a, insofar as the competitive bid requirements are concerned. At page 526 of the Supreme Court's opinion, it was stated:

"The effect of the order would be to eliminate from the field of bidders upon highway construction contracts all those who owned or intended to acquire foreign materials and use them in carrying out highway construction contracts. Quite obviously the field of material suppliers would be drastically reduced. . . . If the suppliers in one field of materials, such as steel, will be reduced by approximately fifty per cent, it seems obvious that the clear purpose for which Article 6674h was enacted is being circumvented."

Although this opinion by the Supreme Court did not deal specifically with the subject of specifying a manufacturer or brand name in competitive bidding, it would appear that the situation is so closely analogous that this case would apply to our instant problem.

It is the opinion of this office that, taken together, the cases of Sterrett v. Bell, supra, and Texas Highway Commission v. Texas Assn. of Steel Importers, Inc., supra, operate to forbid any restriction upon the field of suppliers in competitive bidding situations. We express no opinion regarding situations where the item to be purchased is a patented article, or is one of a kind. It is further the opinion of this office that none of the foregoing operates to divest the Commissioners Court of its discretion

to reject any or all bids, or its duty to accept only what is, in the exercise of sound discretion, determined to be the lowest and best bid, in accordance with Article 2368a, Sec. 2b, Vernon' Civil Statutes.

## SUMMARY

Attorney General's Opinion WW-579 (1959) is hereby overruled insofar as it conflicts with this opinion.

A commissioners court may not specify manufacturer or brand name in soliciting the competitive bids required for road machinery costing in excess of $2000, under Article 2368a, V.C.S.

Yours very truly,

WAGGONER CARR

By _Malcolm L. Quick_
Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
W. O. Shultz
Paul Phy
Kerns Taylor
Harold Kennedy

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone